IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTY ERRICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:13-cv-02031-SCJ-AJB |
| SPANX, INC., ) | |
| ) | |
| Defendant, ) | |

**DEFENDANT SPANX, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant SPANX, Inc. ("Defendant") responds to Plaintiff's Complaint as follows:

1. Defendant admits that this Court has subject matter jurisdiction over this matter and that Plaintiff has alleged certain claims under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"). Defendant denies Plaintiff has stated claims upon which relief can be granted and further denies all other allegations in Paragraph 1 of the Complaint.

2. Defendant admits that venue is proper in the United States District Court for the Northern District of Georgia because Defendant conducts business in

this district.  Defendant is without knowledge or information sufficient to form a belief as to whether this action is timely or whether Plaintiff has exhausted all administrative remedies.  Defendant denies all other allegations in Paragraph 2 of the Complaint.

## The Parties

3.     Defendant admits that Plaintiff is female and, upon information and belief, is a citizen of and resides in the State of Georgia.  Defendant denies all other allegations in Paragraph 3 of the Complaint.

4.     Defendant admits that it is incorporated under the laws of the State of Georgia and that it conducts business in the State of Georgia.  Defendant further admits that it is an employer within the meaning of Title VII and the FMLA and subject to service of process under the Federal Rules of Civil Procedure.  Defendant denies all other allegations in Paragraph 4 of the Complaint.

## Facts

5.     Defendant avers that Plaintiff's employment with Defendant began on or about June 16, 2009.  Defendant denies all other allegations in Paragraph 5 of the Complaint.

6.     Defendant admits that Vincent Bertault became the supervisor of the department where Plaintiff worked in or around 2011, and that several other

employees in that department in 2011 were female.  Defendant denies all other allegations in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief regarding whether Plaintiff became pregnant in December 2011.  Defendant denies all other allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff was terminated on or about March 2, 2012.  Defendant denies all other allegations in Paragraph 11 of the Complaint.

## COUNT I

## SEX (PREGNANCY) DISCRIMINATION IN VIOLATION OF TITLE VII

12. Defendant incorporates by reference its responses to Paragraphs 1 – 11 of the Complaint as though fully set forth herein.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

3

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## COUNT II

## INTERFERENCE WITH, RESTRAINT OF, AND DENIAL OF RIGHTS PROVIDED BY THE FAMILY AND MEDICAL LEAVE ACT

16. Defendant incorporates by reference its responses to Paragraphs 1- 15 of the Complaint as though fully set forth herein.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff was terminated on or around March 2, 2012.  Defendant denies all other allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

## COUNT III

## RETALIATION FOR CONDUCT PROTECTED BY THE FAMILY AND MEDICAL LEAVE ACT

21.     Defendant incorporates by reference its responses to Paragraphs 1 – 20 of the Complaint as though fully set forth herein.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint or to any other relief whatsoever.

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As and for its separate affirmative defenses to the Complaint, Defendant states as follows:

1.     The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent they arise beyond the applicable statute of limitations.

3. Plaintiff's claims are barred to the extent she failed to exhaust the administrative prerequisites for bringing such claims, or to the extent any of her allegations and claims in the Complaint are outside the scope of her EEOC charge.

4. The relief sought by Plaintiff is barred, in whole or in part, because Defendant took no action with malice, bad faith, or with reckless indifference or disregard for any of Plaintiff's rights, and any action Defendant took with respect to the allegations in the Complaint were undertaken in good faith and in the exercise of Defendant's business judgment.

5. Plaintiff's claims do not satisfy the legal or factual prerequisites for punitive damages, and any award for or recovery of punitive damages against Defendant is in contravention of Defendant's constitutional rights under the United States Constitution and the Constitution for the State of Georgia.

6. Plaintiff's claims are barred because Defendant's reasons for the alleged adverse employment action were legitimate, non-discriminatory and/or non-retaliatory, and Plaintiff cannot show that any such reasons were a pretext for discrimination or retaliation.

**7.** Plaintiff cannot prove any discriminatory, retaliatory, or other unlawful conduct by Defendant.  Alternatively, even if Plaintiff could prove any discriminatory, retaliatory, or unlawful conduct by Defendant, which Plaintiff cannot, Defendant would have made the same decisions and taken the same actions without regard to any alleged discriminatory, retaliatory or unlawful motive.  In all employment decisions concerning Plaintiff, Defendant engaged in good faith efforts to apply with applicable law.

**8.** Any employment decisions Defendant made with respect to Plaintiff were wholly unrelated to her alleged medical condition(s) or pregnancy, and Defendant would have made the same employment decisions regardless of whether Plaintiff suffered from a medical condition and/or was pregnant.

9. Plaintiff's claimed damages may be limited by, or Defendant's liability maybe precluded by, Plaintiff's unwillingness or inability to return to work with Defendant.

10. Plaintiff's claims are barred because she did not provide proper or sufficient notice to Defendant as required by the Family and Medical Leave Act or Defendant's applicable policies, procedures, rules, or other requirements of her intent to take such leave.

11. Plaintiff's claims are barred because she did not engage in any statutorily protected conduct.

12. Plaintiff's claims are barred because she was not eligible for or entitled to leave under the Family Medical Leave Act or any applicable policy of Defendant that provided such leave.

13. Plaintiff's claims are barred because she failed to comply with all applicable policies, procedures, rules, or other requirements to be eligible for or receive leave under the Family and Medical Leave Act.

14. Plaintiff's damages, if any, are limited by the doctrine of unavoidable consequences.

15. Plaintiff's claims are barred by the doctrines of accord and satisfaction, laches, estoppel, unclean hands, claim preclusion or issue preclusion, and waiver.

16. Without conceding that Plaintiff suffered any damages as a result of any of the alleged wrongful acts by Defendant, Plaintiff's request for damages is barred because she failed to properly mitigate her damages, in whole or in part.

17. The damages Plaintiff allegedly sustained, if any, were not

proximately caused by Defendant.

18. Plaintiff is not entitled to a trial by jury on some or all of the claims asserted in the Complaint.

19. Defendant is entitled to recover all costs and attorney's fees incurred in this action inasmuch as the claims alleged in the Complaint are frivolous, unreasonable and without foundation.

20. Plaintiff's claims are barred because any alleged unlawful actions by Defendant's employees or agents were outside the scope of their employment and/or agency with Defendant and not expressly or implicitly authorized or ratified by Defendant.

21. Plaintiff's alleged damages, if any, were proximately caused by the negligent, reckless or intentional acts or omissions of third parties which Defendant did not have the legal right, duty or opportunity to control, and which acted without Defendant's knowledge, participation, approval or ratification.

22. Upon information and belief, Plaintiff's claims are barred, and her damages are limited, by after-acquired evidence independently sufficient to justify her termination.

23. Defendant's policies, practices and procedures are in conformity with all applicable governmental codes and regulations existing at all relevant times, and no legal liability may be imposed on Defendant for any such conforming policies, practices, and procedures.

24. Defendant is entitled to recover all costs and attorneys' fees incurred herein inasmuch as the claims alleged in Plaintiff's Complaint are frivolous, unreasonable and without foundation.

25. As to Plaintiff's claim for equitable relief, those claims and prayer for relief are barred because Plaintiff has an adequate remedy at law.

26. Plaintiff's claims are barred, in whole or in part, because she did not suffer any harm or injury as a result of Defendant's actions.

27. Plaintiff's Complaint does not describe the claims made against Defendant with sufficient particularity to enable it to determine what additional defenses it may have in response to the purported claims. Therefore, Defendant reserves the right to assert all defenses which may be pertinent to these alleged claims once their precise nature is ascertained through discovery.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant requests that Plaintiff's Complaint be dismissed with prejudice, that each and every prayer for relief be denied, and that judgment be entered in favor of Defendant and against Plaintiff, with costs and attorneys' fees assessed against Plaintiff, and that the Court grant any other relief that it deems just and proper.

Respectfully submitted, this 17th day of July, 2013.

> */s/ Katherine F. Kendricks*
> Peter N. Farley (255165)
> Katherine Floyd Kendricks (364012)
> SUTHERLAND ASBILL & BRENNAN LLP
> 999 Peachtree Street, NE
> Atlanta, Georgia  30309-3996
> Tel:  (404) 853-8000
> Fax: (404) 853-8806
> *peter.farley @sutherland.com*
> *katherine.kendricks@sutherland.com*
>
> *Attorneys for SPANX, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **DEFENDANT SPANX, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

> Jack Rosenberg
> 5245 Glenridge Drive
> Suite 53
> Atlanta, Georgia 30342

This 17th day of July, 2013.

> */s/ Katherine Floyd Kendricks*
> Katherine Floyd Kendricks (364012)

21816297.1